**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Joshua Michael Leon,

           Petitioner,

v.

David Shinn,[1] *et al.*,

           Respondents.

No. CV-17-0008-TUC-BGM

**ORDER**

       Currently pending before the Court is Petitioner Joshua Michael Leon's Petition Pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1).  Respondents have filed a Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 14), and Petitioner filed his Reply (Doc. 40). The United States Magistrate Judge has received the written consent of both parties and presides over this case pursuant to 28 U.S.C. § 636(c) and Rule 73, Federal Rules of Civil Procedure.  The Petition (Doc. 1) is ripe for adjudication.

. . .

. . .

. . .

. . .

---

[1] The Court takes judicial notice, that Charles Ryan is no longer the Director of the Arizona Department of Corrections ("AZDOC").  As such, the Court will substitute the Director of the AZDOC, David Shinn, as a Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1   **I.     FACTUAL AND PROCEDURAL BACKGROUND**

2          ***A.     Initial Charge and Sentencing***

3          The Arizona Court of Appeals stated the facts[2] as follows:

4          One evening in October 2009, Maxine S., Amina R., and Kalette M.
5   approached Leon's girlfriend Claudia R., on a corner in South Tucson. The
    women asked to buy drugs and, when Claudia agreed, they proceeded to beat
6   and rob her. Claudia yelled for Leon and, as he approached, the three women
7   fled. Leon pursued them and when the women stopped running, he punched
    one or more of them and stabbed Maxine in the chest. Maxine's heart was
8   punctured and she later died. The weapon was not recovered.

9   Answer (Doc. 14), Ariz. Ct. of Appeals, Case Nos. 2 CA-CR 2011-0395, Mem. Decision

10  12/3/2013 (Exh. "I") (Doc. 15) at 51.[3]

11         Petitioner was indicted on one (1) count of first degree murder. *See* Answer (Doc.

12  14), Ariz. Superior Ct., Pima County, Case No. CR20094042-001, Indictment (Exh. "A")

13  (Doc. 15). The State offered Petitioner a Plea Agreement which would have allowed him

14  to plead guilty to one (1) count of manslaughter, with a maximum sentence of 12.50 years,

15  in exchange for the dismissal of the first degree murder charge. Answer (Doc. 14), Ariz.

16  Superior Ct., Pima County, Case No. CR20094042-001, Plea Agreement (Exh. "B") (Doc.

17  15) at 5–6. The trial court held a *Donald*[4] hearing, and Petitioner rejected the plea. *See*

18  Answer (Doc. 14), Ariz. Superior Ct., Pima County, Case No. CR20094042-001, Minute

19  Entry 10/4/2010 (Exh. "C") (Doc. 15) at 5–6 & *Donald* Hr'g Tr. 10/4/2010 (Exh. "Z")

20  (Docs. 17, 18) at 30–33.

21         Following a jury trial, Defendant Joshua Michael Leon was found not guilty of the

22  first degree murder charge and guilty of the lesser-included offense of second degree

23  _____

24         [2] As these state court findings are entitled to a presumption of correctness and Petitioner
    has failed to show by clear and convincing evidence that the findings are erroneous, the Court
25  hereby adopts these factual findings. 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465,
    473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007); *Wainwright v. Witt*, 469 U.S. 412, 426,
26  105 S.Ct. 844, 853, 83 L.Ed.2d 841 (1985); *Cf. Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198,
27  1204, 71 L.Ed.2d 379 (1982).

           [3] Page citations refer to the CM/ECF page number for ease of reference.

28         [4] *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (Ariz. Ct. App. 2000).

1    murder.  Answer (Doc. 14), Ariz. Superior Ct., Pima County, Case No. CR20094042-001,

2    Verdict (Exh. "E") (Doc. 15) at 19 & Minute Entry 12/12/2011 (Exh. "F") (Doc. 15) at 22–

3    23.  On December 12, 2011, Petitioner was sentenced to an aggravated term of eighteen

4    (18) years of imprisonment.  *See* Answer (Doc. 14), Ariz. Superior Ct., Pima County, Case

5    No. CR20094042-001, Minute Entry—Sentence of Imprisonment (Exh. "F") (Doc. 15) at

6    22.

7           **B.    *Direct Appeal***

8           On December 19, 2011, counsel for Petitioner filed a Notice of Appeal from the

9    sentence.  *See* Answer (Doc. 14), Ariz. Superior Ct., Pima County, Case No. CR20094042-

10   001, Not. of Appeal (Exh. "G") (Doc. 15).  In May 2013, counsel for Petitioner filed an

11   Opening  Brief with the Arizona Court of Appeals.  *Id.*, Ariz. Ct. of Appeals, Case No. 2

12   CA-CR 2012-0305, Appellant's Opening Br. (Exh. "H") (Doc. 15).  Petitioner's  issues

13   included 1) whether the trial court erred by denying appellant's motion to dismiss or to

14   preclude testimony of Elvin Logan based on Mr. Logan's representation by Petitioner's

15   prior counsel; and 2) whether the trial court erred in denying Petitioner's motion for a new

16   trial based on alleged references to gang membership during trial, as well as alleged juror

17   misconduct.  *See id.*, Exh. "H."

18          On December 3, 2013, the Arizona Court of Appeals vacated the Criminal

19   Restitution Order ("CRO") entered at sentencing but affirmed Petitioner's conviction and

20   sentence in all other respects.  Answer (Doc. 14), Ariz. Ct. of Appeals, Case No. 2 CA-CR

21   2011-0395, Mem. Decision 12/3/2013 (Exh. "I") (Doc. 15).  The court of appeals observed

22   that "[d]ismissal as a sanction is rare . . . and necessarily directed at improper conduct by

23   the state."  *Id.*, Exh. "I" at 54 (citing *State v. Young*, 149 Ariz. 580, 585, 720 P.2d 965, 970

24   (Ariz. Ct. App. 1986)).  "[B]ecause the trial court expressly found no wrongdoing on the

25   part of the prosecutors . . . dismissal for prosecutorial misconduct was clearly not

26   appropriate, and [the court of appeals] [found] no abuse of discretion by the trial court."

27   Answer (Doc. 14), Exh. "I" at 54.  Regarding the denial of Petitioner's motion to preclude

28   his cellmate's testimony the appellate court noted that "[t]he trial court found no evidence

that Sweeney had provided Elvin with any details about Leon's case, despite testimony that she assisted him in preparing for his meeting with prosecutors." *Id.*, Exh. "I" at 55. The appellate court acknowledged that "[a] defendant thus has a constitutional right to conflict-free counsel." *Id.*, Exh. "I" at 56. The appellate court found that "[g]iven Leon was represented by non-conflicted trial counsel and was no worse off for his former counsel's conflict, [they] [could] not say Leon's constitutional right to effective representation was infringed or that the trial court abused its discretion by allowing Elvin's testimony." *Id.*, Exh. "I" at 57. The court of appeals further noted that "a breach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel . . . [and] [because] Sweeney's professional breach had no adverse impact on Leon's trial and that finding is supported by the record . . . the trial court did not err in permitting Elvin to testify." *Id.*, Exh. "I" at 58. The appellate court also observed that "the Constitution does not require a new trial every time a juror has been placed in a potentially compromising situation . . . [because] it is virtually impossible to shield jurors from every contact of influence that might theoretically affect their vote." Answer (Doc. 14), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2011-0395, Mem. Decision 12/3/2013 (Exh. "I") (Doc. 15) at 62 (quoting *Rushen v. Spain*, 464 U.S. 114, 118 (1983)) (internal quotation marks omitted) (alterations in original). The court of appeals discussed the trial court's questioning of Juror Nine regarding her concerns for her safety and found that Juror Nine's concerns or conduct did not deprive Petitioner of a fair and impartial trial. Answer (Doc. 14), Exh. "I" at 62. The appellate court also found "no evidence to support Leon's assertion that the testimony of Mr. Leon's sister concerning questions that she was asked about her tattoos by juror embers makes plain that the gang issue was on the jury's mind." *Id.*, Exh. "I" at 65–66 (quotations omitted). The appellate court held that "[s]peculation as to juror bias is insufficient to establish that the defendant was denied a fair trial." *Id.*, Exh. "I" at 66 (citing *State v. Soule*, 164 Ariz. 165, 169, 791 P.2d 1048, 1052 (Ariz. Ct. App. 1989)) (alterations in original).

As such, the court of appeals "vacate[d] the CRO entered at sentencing; Leon's

conviction and sentence in all other respects [were] affirmed." *Id.*, Exh. "I" at 66.  On December 27, 2013, Petitioner filed his petition for review with the Arizona Supreme Court.  *See* Answer (Doc. 14), Ariz. Supreme Ct., Case No. CR-13-0456-PR, Pet. for Review (Exh. "J") (Doc. 16).  Petitioner's petition raised a single issue regarding whether "a prosecution witness [should] be precluded from testifying because he was recruited by defendant's former defense counsel[.]" *Id.*, Exh. "J" at 6.  On May 29, 2014, the Arizona Supreme Court denied review.  Answer (Doc. 14), Ariz. Supreme Ct., Case No. CR-13-0456-PR, Mem. to Pet. 5/29/2014 (Exh. "K") (Doc. 16).  On July 17, 2014, the Arizona Court of Appeals issued its Mandate.  Answer (Doc. 14), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2011-0395, Mandate (Exh. "L") (Doc. 16)

### C.   *Post-Conviction Relief Proceeding*

On June 25, 2014, Petitioner filed his Notice of Post-Conviction Relief ("PCR").  Answer (Doc. 14), Ariz. Superior Ct., Pima County, Case No. CR20094042-001, Pet.'s Not. of PCR 6/25/2009 (Exh. "M") (Doc. 16).  On July 14, 2014, the trial court appointed PCR counsel.  *Id.*, Ariz. Superior Ct., Pima County, Case No. CR20094042-001, Not. Re Not. of Pet. for PCR (Trial) 7/14/2014 (Exh. "N") (Doc. 16).

### 1.   **PCR Petition**

On October 20, 2014, Petitioner filed his Petition for PCR.  *See* Answer (Doc. 14), Ariz. Superior Ct., Pima County, Case No. CR20094042-001, Pet.'s Pet. for PCR (Exh. "O") (Doc. 16).  In his Petition, Petitioner asserted a single claim of ineffective assistance of counsel.  *Id.*, Exh. "O" at 58–60.  Petitioner urged that "his attorney convinced him that the plea was not in his best interest[,] [and] . . . told [him] that there's no way [the jury] will find you guilty of anything higher than manslaughter." *Id.*, Exh. "O" at 60.

### 2.   **Rule 32 Court Order**

On April 13, 2015, the Rule 32 court had an evidentiary hearing regarding Petitioner's petition.  Answer (Doc. 14), Ariz. Superior Ct., Pima County, Case No. CR20094042-001, Minute Entry—Evidentiary Hearing 4/13/2015 (Exh. "P") (Doc. 16).  The Rule 32 court found trial counsel credible and Petitioner not credible.  *Id.*, Exh. "P" at

75–76.   As such, the Rule 32 court found that trial counsel was not ineffective and dismissed Petitioner's PCR petition.  *Id.*

### 3.  PCR Appeal

On September 8, 2015, counsel for Petitioner filed an *Anders*[5] brief petition for review with the Arizona Court of Appeals.[6]  Answer (Doc. 14), Ariz. Superior Ct., Pima County, Case No. CR20094042-001, Pet. for Review (Exh. "Q") (Doc. 16).  The court of appeals noted that *Anders* does not apply to post-conviction proceedings and struck the petition for review.  *See* Answer (Doc. 14), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2015-0320-PR, Order 12/17/2015 (Exh. "R") (Doc. 16) at 92.  The appellate court granted Petitioner thirty (30) days to file a *pro se* petition for review.  *Id.*, Exh. "R" at 92.

On January 12, 2016, the Arizona Court of Appeals stayed the petition for review proceeding and reaffirmed that the *pro se* petition was due on or before February 18, 2016. *See* Answer (Doc. 14), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2015-0320-

---

[5] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

[6] The Arizona Court of Appeals has described the procedure of filing an *Anders* brief as follows:

> Under our procedure, when appointed counsel determines that a defendant's case discloses no arguable issues for appeal, counsel files an *Anders* brief. The brief contains a detailed factual and procedural history of the case, with citations to the record. *See Scott,* 187 Ariz. at 478 n. 4, 930 P.2d at 555 n. 4. Counsel submits the brief to the court and the defendant. The defendant is then given the opportunity to file a brief *pro per.* After receiving all briefing, the court reviews the entire record for reversible error. If any arguable issue presents itself, the court directs appointed counsel to brief the issue. Only after the court has ascertained that counsel has conscientiously performed his or her duty to review the record, and has itself reviewed the record for reversible error and found none, will the court allow counsel to withdraw. *See State v. Shattuck,* 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). We conclude that this procedure permits counsel to perform ethically, while simultaneously ensuring that an indigent defendant's constitutional rights to due process, equal protection, and effective assistance of counsel are protected.

*State v. Clark*, 196 Ariz. 530, 537, 2 P.3d 89, 96 (Ct. App. 1999).  The Court notes that because this was a PCR petition, the proper authority was *Montgomery v. Sheldon (I)*, 181 Ariz. 256, 889 P.2d 614 (1995) rather than *Anders.  See State v. Smith*, 184 Ariz. 456, 910 P.2d 1 (1996). Ultimately, the result is the same.

1   PR, Order 2/26/2016 (Exh. "T") (Doc. 17).   On April 21, 2016, the Arizona Court of

2   Appeals dismissed the petition for review because Petitioner had not complied with its

3   previous orders.  Answer (Doc. 14), Court of Appeals, State of Arizona, Case No. 2 CA-

4   CR 2015-0320-PR, Order 4/21/2016 (Exh. "U") (Doc. 17).   On April 29, 2016, Petitioner

5   filed his *pro se* Petition for Review.  Answer (Doc. 14), Court of Appeals, State of Arizona,

6   Case No. 2 CA-CR 2015-0320-PR, Pet.'s *Pro Se* Pet. for Review (Exh. "V") (Doc. 17).

7   Petitioner alleged ineffective assistance of counsel based on trial counsel's alleged advice

8   to reject the plea offer; an alleged failure to request that the plea offer deadline be extended

9   or the *Donald* hearing continued; and an alleged failure to ensure that Petitioner received

10  a full and fair *Donald* hearing.  Answer (Doc. 14), Court of Appeals, State of Arizona, Case

11  No. 2 CA-CR 2015-0320-PR, Pet.'s *Pro Se* Pet. for Review (Exh. "V") (Doc. 17).   The

12  court of appeals accepted Petitioner's brief and reinstated his petition for review.  Answer

13  (Doc. 14), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2015-0320-PR, Order

14  5/3/2016 (Exh. "W") (Doc. 17).

15          On June 7, 2016, the court of appeals granted reviewed and denied relief.  Answer

16  (Doc. 14), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2015-0320-PR, Mem.

17  Decision 6/7/2016 (Exh. "X") (Doc. 17).   The appellate court declined any invitation by

18  Petitioner to reweigh the evidence and found that "[s]ubstantial evidence support[ed] the

19  [Rule 32] court's implicit finding that counsel had not advised Leon to reject the plea offer,

20  but instead had advised him to accept it, and we defer to that finding."  *Id.*, Exh. "X" at 19

21  (citing *State v. Sasak*, 178 Ariz. 182, 186, 871 P.2d 729, 733 (Ariz. Ct. App. 1993).   The

22  appellate court also observed that Petitioner had not presented any evidence that his trial

23  counsel "was mistaken or had misadvised him regarding release provisions under the plea

24  offer."  *Id.*, Exh. "X" at 19.   The court of appeals also noted that "Leon's petition did not

25  allege his *Donald* hearing was impermissibly 'incomplete[,]'" but acknowledged the issue

26  had been considered and rejected by the lower court.  *Id.*, Exh. "X" at 19–20.   The appellate

27  court found that the Rule 32 court did not abuse its discretion.  *Id.*, Exh. "X" at 20.   The

28  court of appeals held that the trial court held an evidentiary hearing consistent with *Donald*

1   and Petitioner "failed to meet his burden of establishing ineffective assistance of counsel."

2   *Id.*, Exh. "X" at 20.

3       Petitioner did not seek review with the Arizona Supreme Court.  *See* Answer (Doc.

4   14), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2015-0320-PR, Mandate

5   8/3/2016 (Exh. "Y") (Doc. 17).

6       **D.    *The Instant Habeas Proceeding***

7       On June 5, 2017, Petitioner filed his Petition Pursuant to 28 U.S.C. § 2254 for a

8   Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1).

9   Petitioner asserts two (2) grounds for relief, each with several subparts.  *See* Petition (Doc.

10  1).   First, Petitioner alleges that he "was denied his right to the effective/competent

11  assistance of counsel guaranteed under the U.S. Constitution Amendment Six and

12  Fourteen[.]"  *Id.* at 6.  Petitioner asserts that his trial counsel was ineffective for allegedly

13  1) advising Petitioner to reject the plea; 2) failing to advise Petitioner regarding his

14  eligibility for serving eighty-five (85) percent of his sentence; 3) failing to ensure Petitioner

15  received a full and fair *Donald* hearing; 4) failing to move for a continuance of Petitioner's

16  *Donald* hearing; and 5) prior counsel created a conflict of interest by representing Elvin

17  Logan.  *Id.* at 7–15.  Second, Petitioner asserts that his "right to a fair trial and impartial

18  jury under the Sixth and Fourteenth Amendments to the U.S. Const. were violated[,]" as

19  well as his right to due process.  *Id.* at 16.  Petitioner alleges that 1) the trial court abused

20  its discretion in denying Petitioner's motion to preclude Logan's testimony; 2)

21  prosecutorial misconduct allowed Sweeney's conflict-of-interest to go unchecked; 3) the

22  trial court erred in denying Petitioner's motion to preclude gang affiliation testimony; and

23  4) juror misconduct.  *Id.* at 16–20.

24      On August 8, 2017, Respondents filed their Answer (Doc. 14), and on September

25  29, 2017, Petitioner replied (Doc. 40).

26  . . .

27  . . .

28  . . .

- 8 -

## II.     STANDARD OF REVIEW

### A.     *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added).  Moreover, a petition for habeas corpus by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011).  Correcting errors of state law is not the province of federal habeas corpus relief.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991).  Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'"  *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S. Ct. 2842, 2854, 168 L. Ed. 2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003)).  Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt."  *Pinholster*, 563 U.S. at 181, 131 S. Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review.  *See* 28 U.S.C. § 2254.  The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."  *Burt v. Titlow*, 571 U.S. 12, 19, 134 S. Ct. 10, 16, 187 L. Ed. 2d 348 (2013).  Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this

presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect. *Id.*, 550 U.S. at 473, 127 S. Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S. Ct. at 10 (quoting *Harrington*, 562 U.S. at 103, 131 S. Ct. at 786–87) (alterations in original).

## B.   *Exhaustion of State Remedies*

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982). As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (internal quotations omitted). Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518, 102 S. Ct. at 1203 (internal citations omitted). This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have

1    had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200,

2    204, 70 S. Ct. 587, 590, 94 L. Ed. 761 (1950)).

3          Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long

4    as the applicant "has the right under the law of the State to raise, by any available procedure

5    the question presented." 28 U.S.C. § 2254(c). "[O]nce the federal claim has been fairly

6    presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*,

7    404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971). The fair presentation

8    requirement mandates that a state prisoner must alert the state court "to the presence of a

9    federal claim" in his petition, simply labeling a claim "federal" or expecting the state court

10   to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S.

11   27, 33, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004) (rejecting petitioner's assertion that

12   his claim had been "fairly presented" because his brief in the state appeals court did not

13   indicate that "he was complaining about a violation of federal law" and the justices having

14   the opportunity to read a lower court decision addressing the federal claims was not fair

15   presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed

16   to exhaust federal due process issue in state court because petitioner presented claim in

17   state court only on state grounds). Furthermore, in order to "fairly present" one's claims,

18   the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S.

19   Ct. at 1349. "Generally, a petitioner satisfies the exhaustion requirement if he properly

20   pursues a claim (1) throughout the entire direct appellate process of the state, or (2)

21   throughout one entire judicial postconviction process available in the state." *Casey v.

22   Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas

23   Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

24         In Arizona, however, for non-capital cases "review need not be sought before the

25   Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d

26   1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz.

27   2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the

28   Supreme Court has further interpreted § 2254(c) to recognize that once the state courts

have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989).

### C.   Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 2555, 115 L. Ed. 2d 650 (1991).  Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S. Ct. at 2254.  This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted).  Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law.  In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted).  Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005).  Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways.  First,

where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 U.S. at 728, 111 S. Ct. at 2554. Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S. Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quotations and citations omitted) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L. Ed. 2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S. Ct. 2661, 2666, 91 L. Ed. 2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial

with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S. Ct. at 2648 (emphasis in original) (internal quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts. *Id.*, 106 S. Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S. Ct. 1558, 1572–73, 71 L. Ed. 2d 783 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 862, 122 L. Ed. 2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S. Ct. 2616, 2627, 91 L. Ed. 2d 364 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404, 113 S. Ct. at 862. Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3) (2018). "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim." *Id.*, 2002 cmt. Neither Rule 32.2. nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver. *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002). The Ninth Circuit Court of Appeals recognized that this

1
2
assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations." *Cassett*, 406 F.3d at 622.

3

4
**III.    STATUTE OF LIMITATIONS**

5
    **A.    *Timeliness***

6
7
8
9
10
    As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

11
12
    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

13
14
    (B)   the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

15
16
17
    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

18
19
    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

20
21
22
23
24
25
26
28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondents do not dispute the timeliness of Leon's petition. The Court has independently reviewed the records and finds that the Amended Petition (Doc. 10) is timely pursuant to 28 U.S.C. § 2244(d)(1)(A).

27
. . .

28
. . .

IV.   **ANALYSIS**

A.   *Ground One:  Ineffective Assistance of Counsel*

**1.  Legal Standards**

For cases which have been fairly presented to the State court, the Supreme Court elucidated a two-part test for determining whether a defendant could prevail on a claim of ineffective assistance of counsel sufficient to overturn his conviction.  *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  First, Petitioner must show that counsel's performance was deficient.  *Id.* at 687, 104 S. Ct. at 2064.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  Second, Petitioner must show that this performance prejudiced his defense.  *Id.*  Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable."  *Id.*  Ultimately, whether or not counsel's performance was effective hinges on its reasonableness under prevailing professional norms.  *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065; *see also State v. Carver*, 160 Ariz. 167, 771 P.2d 1382 (1989) (adopting *Strickland* two-part test for ineffective assistance of counsel claims).  The Sixth Amendment's guarantee of effective assistance is not meant to "improve the quality of legal representation," rather it is to ensure the fairness of trial.  *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.  "Thus, '[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'"  *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1403, 179 L. Ed. 2d 557 (2011) (quoting *Strickland*, 466 at 686) (emphasis and alteration in original).

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so[.]"  *Harrington v. Richter*, 562 U.S. 86, 105, 131 S. Ct. 770, 788, 178 L. Ed. 2d 624 (2011) (citations omitted).  Judging counsel's performance must be made without the influence of hindsight.  *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.  As such, "the defendant must overcome the

presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S. Ct. 158, 164, 100 L. Ed. 83 (1955)).   Without the requisite showing of either "deficient performance" or "sufficient prejudice," Petitioner cannot prevail on his ineffectiveness claim.  *Strickland*, 466 U.S. at 700, 104 S. Ct. at 2071.  "[T]he question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."  *Gentry v. Sinclair*, 705 F.3d 884, 899 (9th Cir. 2013) (quoting *Harrington*, 562 U.S. at 105, 131 S. Ct. at 788) (alterations in original).  "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'"  *Harrington*, 562 U.S. at 104, 131 S. Ct. at 787 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052).   Accordingly, "[w]e apply the doubly deferential standard to review the state court's 'last reasoned decision.'"  *Vega v. Ryan*, 757 F.3d 960, 966 (9th Cir. 2014) (citations omitted).  "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in 2254(d)(1) and (d)(2)."  *Harrington*, 131 U.S. at 98, 131 S. Ct. at 784.  As such, Petitioner also bears the burden of showing that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner.  *See Bell v. Cone*, 535 U.S. 685, 698–99, 122 S. Ct. 1843, 1852, 152 L. Ed. 2d 914 (2002); *see also*  28 U.S.C. § 2254(d).

### 2. Plea Agreement

Petitioner alleges that his trial counsel "convinced [him] that the plea was not in his best interest."  Petition (Doc. 1) at 7.  Petitioner raised this claim in his PCR petition.  *See* Answer (Doc. 14), Ariz. Superior Ct., Pima County, Case No. CR20094042-001, Pet.'s Pet. for PCR (Exh. "O") (Doc. 16).  The Arizona Court of Appeals found that "[s]ubstantial evidence support[ed] the [Rule 32] court's implicit finding that counsel had not advised Leon to reject the plea offer, but instead had advised him to accept it, and [the appellate court] defer[ed] to that finding."  Answer (Doc. 14), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2015-0320-PR, Mem. Decision 6/7/2016 (Exh. "X") (Doc. 17) at 19

(citing *State v. Sasak*, 178 Ariz. 182, 186, 871 P.2d 729, 733 (Ariz. Ct. App. 1993).

At the evidentiary hearing on Petitioner's Rule 32 petition, Petitioner acknowledged that trial counsel did not pressure him in any way to accept the plea agreement.  Answer (Doc. 14), Ariz. Superior Ct., Pima County, Case No. CR20094042-001, PCR Evid. Hr'g Tr. 4/13/2015 (Exh. "MM") (Doc. 35) at 31–32.   Trial counsel testified that he and Defendant had discussions regarding the initial plea agreement, then after his further discussion with the prosecutors, a second plea was offered with the 12.5-year maximum sentence.  *Id.*, Exh. "MM" at 51–52.   Trial counsel expressed confidence that Petitioner had "a decent chance" of beating the first-degree murder charge, but beyond that no one could predict.  *Id.*, Exh. "MM" at 54–55.   Trial counsel further testified that he advised Petitioner to accept the plea agreement.  *Id.*, Exh. "MM" at 66.   The Rule 32 court found trial counsel credible and Petitioner not credible.   Answer (Doc. 14), Ariz. Superior Ct., Pima County, Case No. CR20094042-001, Minute Entry—Evidentiary Hearing 4/13/2015 (Exh. "P") (Doc. 16) at 75–76.   This was finding was upheld by the appellate court.  *Id.*, Exh. "X" at 19.

Petitioner cannot show that counsel's performance was deficient.  The record does not support a finding that "counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1403, 179 L. Ed. 2d 557 (2011) (quoting *Strickland*, 466 at 686) (emphasis and alteration in original).  Petitioner has also failed to present any evidence to suggest that the Arizona courts' decisions as to his ineffective assistance claim regarding trial counsel's communication of the plea agreement is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d); *see also Bell v. Cone*, 535 U.S. 685, 698–99, 122 S. Ct. 1843, 1852, 152 L. Ed. 2d 914 (2002).  Accordingly, this Court finds that the Arizona courts did not unreasonably apply clearly established Federal law or unreasonably determine the facts in light of the evidence presented, and Petitioner cannot meet his burden to show prejudice.  *See Gulbrandson*, 738

1   F.3d at 991.  Petitioner's ineffective assistance of counsel claim regarding the alleged

2   failure to advise Petitioner regarding the plea agreement is without merit.

3   **3. Earned Release Credits**

4       Petitioner asserts that trial counsel failed to advise him regarding his eligibility for

5   eighty-five (85) percent.  Petition (Doc. 1) at 9.  Petitioner further asserts that if trial counsel

6   had fulfilled this duty, Petitioner "would have probably taken the plea."  *Id.*  The appellate

7   court observed that "Leon present[ed] no evidence and develop[ed] no argument that

8   counsel was mistaken or had misadvised him regarding release provisions under the plea

9   offer."  Answer (Doc. 14), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2015-

10  0320-PR, Mem. Decision 6/7/2016 (Exh. "X") (Doc. 17) at 19.  The appellate court further

11  recognized that "[a]s the trial court pointed out, Leon 'didn't research the 85 percent issue'

12  and, at the *Donald* hearing, did not raise the issue or ask any questions of the judge[,] . . .

13  [i]nstead . . . Leon answered that he understood the sentencing range available under the

14  plea as well as his potential sentence after trial, and he said he understood that day was his

15  'final deadline' to accept the plea."  *Id.*, Exh. "X" at 19.

16      As such, Petitioner cannot show that counsel's performance was deficient.  The

17  record does not support a finding that "counsel's conduct *so undermined* the proper

18  functioning of the adversarial process that the trial cannot be relied on as having produced

19  a just result." *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1403, 179 L. Ed. 2d 557

20  (2011) (quoting *Strickland*, 466 at 686) (emphasis and alteration in original).  Petitioner

21  has also failed to present any evidence to suggest that the Arizona courts' decisions as to

22  his ineffective assistance claim regarding trial counsel's communication about earned

23  release credits is contrary to or an unreasonable application of clearly established Supreme

24  Court law or based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d);

25  *see also Bell v. Cone*, 535 U.S. 685, 698–99, 122 S. Ct. 1843, 1852, 152 L. Ed. 2d 914

26  (2002).  Accordingly, this Court finds that the Arizona courts did not unreasonably apply

27  clearly established Federal law or unreasonably determine the facts in light of the evidence

28  presented, and Petitioner cannot meet his burden to show prejudice.  *See Gulbrandson*, 738

F.3d at 991.   Petitioner's ineffective assistance of counsel claim regarding the alleged failure to advise Petitioner regarding the earned release credits is without merit.

### 4. Full and Fair *Donald* Hearing

Petitioner asserts that counsel and the trial court "failed to ensure Leon was fully apprised of the circumstances surrounding the plea and the trial [court] failed to vet him." Petition (Doc. 1) at 10.   Petitioner further asserts that "[t]he trial court never really completed the record nor made any final determination that Leon had fully, knowingly been apprised of what was going on before he rejected the plea."   *Id.* (citations and original alterations omitted).   The appellate court observed that "principles regarding waiver of a constitutional right do not apply to the rejection of a plea bargain."   Answer (Doc. 14), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2015-0320-PR, Mem. Decision 6/7/2016 (Exh. "X") (Doc. 17) at 20.   The appellate court held that "consistent with *Donald*, the trial court held an evidentiary hearing and found Leon failed to meet his burden of establishing ineffective assistance of counsel[,] [and] [s]ubstantial evidence supports that determination, and we will not disturb it on review.   *Id.*, Exh. "X" at 20 (citations omitted).

Petitioner cannot show that counsel's performance was deficient.   The record does not support a finding that "counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."   *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1403, 179 L. Ed. 2d 557 (2011) (quoting *Strickland*, 466 at 686) (emphasis and alteration in original).   Petitioner has also failed to present any evidence to suggest that the Arizona courts' decisions that Petitioner did not relinquish any constitutional rights by declining his plea agreement is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts.   *See* 28 U.S.C. § 2254(d); *see also Bell v. Cone*, 535 U.S. 685, 698–99, 122 S. Ct. 1843, 1852, 152 L. Ed. 2d 914 (2002).   Accordingly, this Court finds that the Arizona courts did not unreasonably apply clearly established Federal law or unreasonably determine the facts in light of the evidence presented, and Petitioner cannot meet his burden to show prejudice.   *See Gulbrandson*, 738 F.3d at 991.   Petitioner's

1    ineffective assistance of counsel claim regarding the alleged failure regarding a full and

2    fair *Donald* hearing is without merit.

3                    **5. Continuance of *Donald* hearing**

4        Petitioner asserts that trial counsel "performed ineffectively by not actually moving

5    for an extension orally or by motion."  Petition (Doc. 1) at 10.  The appellate court observed

6    that "Leon did not argue, in his petition below or at the evidentiary hearing, that his attorney

7    was ineffective in failing to seek an extension of time to consider the offer or a continuance

8    of the *Donald* hearing[.]"  Answer (Doc. 14), Court of Appeals, State of Arizona, Case No.

9    2 CA-CR 2015-0320-PR, Mem. Decision 6/7/2016 (Exh. "X") (Doc. 17) at 19.

10       As such, the claim would now be precluded and meets the technical requirements

11   for exhaustion.  Ariz. R. Crim. P. 32.2(a)(3); *see also Baldwin v. Reese*, 541 U.S. 27, 29,

12   124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the

13   prisoner must do so "in each appropriate state court").  Therefore, Petitioner's claim is

14   procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546,

15   2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the

16   court to which the petitioner would be required to present his claims in order to meet the

17   exhaustion requirement would now find the claims procedurally barred").

18       Where a habeas petitioner's claims have been procedurally defaulted, the federal

19   courts are prohibited from subsequent review unless the petitioner can show cause and

20   actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103

21   L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred

22   federal habeas review unless petitioner demonstrated cause and prejudice).  Petitioner has

23   not met his burden to show either cause or actual prejudice.  *Murray v. Carrier*, 477 U.S.

24   478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely

25   that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and

26   substantial disadvantage, infecting his entire trial with error of constitutional dimensions")

27   (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*,

28   80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally

1  defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits

2  of his claims.").  Neither has Petitioner "establish[ed] by clear and convincing evidence

3  that but for the constitutional error, no reasonable factfinder would have found [him] guilty

4  of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).  As such, Petitioner has failed to

5  meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice.

6  *See Coleman*, 501 U.S. at 748, 111 S.Ct. at 2564 (citations and quotations omitted).

7        In an effort to overcome this procedural bar, Petitioner relies on *Martinez v. Ryan*,

8  566 U.S. 1, 132 S. Ct. 1309, 192 L. Ed. 2d 272 (2012) to urge that PCR counsel was

9  ineffective for failing to raise the claim.  Petition (Doc. 1) at 11.      "In *Martinez* . . . and

10  *Trevino v. Thaler*, 569 U.S. 413, 133 S. Ct. 1911, 185 L.Ed.2d 1044 (2013), [the Supreme]

11  Court announced a narrow exception to *Coleman*'s[7] general rule."  *Davila v. Davis*, — U.S.

12  —, 137 S. Ct. 2058, 2062, 198 L. Ed. 2d 603 (2017).  "That exception treats ineffective

13  assistance by a prisoner's state postconviction counsel as cause to overcome the default of

14  a single claim—ineffective assistance of trial counsel—in a single context—where the

15  State effectively requires a defendant to bring that claim in state postconviction

16  proceedings rather than on direct appeal."  *Id.* at 2062–63.  The Supreme Court observed

17  that "[t]hese rules [under which a prisoner may establish cause to excuse a procedural

18  default] reflect an equitable judgment that only where a prisoner is impeded or obstructed

19  in complying with the State's established procedures will a federal habeas court excuse the

20  prisoner from the usual sanction of default."  *Martinez*, 566 U.S. at 13, 132 S.Ct. at 1318

21  (citations omitted).  "In applying this standard, *Martinez* made clear that a reviewing court

22  must determine whether the petitioner's attorney in the first collateral proceeding was

23  ineffective under *Strickland*, whether the petitioner's claim of ineffective assistance of trial

24  counsel is substantial, *and* whether there is prejudice."  *Sexton v. Cozner*, 679 F.3d 1150,

25  1159 (9th Cir. 2012) (citing *Martinez*, 132 S.Ct. at 1321).

26        Petitioner's ineffective assistance of trial counsel claim is not substantial.

27

28

———————————

[7] *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

"Discretion over plea bargaining is a core prosecutorial power[.]"  *State v. Donald*, 198 Ariz. 406, 417, 10 P.3d 1193, 1204 (Ariz. Ct. App. 2000).  During the *Donald* hearing the prosecutor made clear that day was the final deadline and a plea was unlikely to be re-offered in the future unless something dramatically changed.  Answer (Doc. 14), Ariz. Superior Ct., Pima County, Case No. CR20094042-001, *Donald* Hr'g Tr. 10/4/2010 (Exh. "Z") (Docs. 17, 18) at 32.  As such, any request for an extension of time by trial counsel would have been futile.  Petitioner's claim for ineffective assistance of trial counsel is not substantial and he is not entitled to *Martinez* relief.

### 6. Conflict of Interest

Petitioner asserts that "[f]ormer defense counsel . . . created a conflict of interest between herself and Leon by assisting her client . . . Elvin Logan, present fabricated evidence against Leon." Petition (Doc. 1) at 11.  Petitioner further alleges that prior counsel helped Logan "secure/steal the factuals [sic] about Leon's case."  *Id.*  The appellate court acknowledged that "[a] defendant thus has a constitutional right to conflict-free counsel." Answer (Doc. 14), Ariz. Ct. of Appeals, Case Nos. 2 CA-CR 2011-0395, Mem. Decision 12/3/2013 (Exh. "I") (Doc. 15) at 56.  The appellate court found that "[g]iven Leon was represented by non-conflicted trial counsel and was no worse off for his former counsel's conflict, [they] [could] not say Leon's constitutional right to effective representation was infringed or that the trial court abused its discretion by allowing Elvin's testimony."  *Id.*, Exh. "I" at 57.  The court of appeals further noted that "a breach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel . . . [and] [because] Sweeney's professional breach had no adverse impact on Leon's trial and that finding is supported by the record . . . the trial court did not err in permitting Elvin to testify."  *Id.*, Exh. "I" at 58.

As such, Petitioner cannot show that his former counsel's actions prejudiced him. The prejudice prong of *Strickland* "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable."  *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  The

record does not support a finding that "counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1403, 179 L. Ed. 2d 557 (2011) (quoting *Strickland*, 466 at 686) (emphasis and alteration in original).  Petitioner has also failed to present any evidence to suggest that the Arizona courts' decisions as to his ineffective assistance claim regarding prior counsel's representation of Logan is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d); *see also Bell v. Cone*, 535 U.S. 685, 698–99, 122 S. Ct. 1843, 1852, 152 L. Ed. 2d 914 (2002).  Accordingly, this Court finds that the Arizona courts did not unreasonably apply clearly established Federal law or unreasonably determine the facts in light of the evidence presented, and Petitioner cannot meet his burden to show prejudice.  *See Gulbrandson*, 738 F.3d at 991.  Petitioner's ineffective assistance of counsel claim regarding prior counsel's representation of Logan is without merit.

### B.  Ground Two:  Due Process Claims

#### 1.  Preclusion of Logan's Testimony

Petitioner asserts that "the trial court abused its discretion/erred by denying his motion to preclude the testimony of [Elvin Logan]."  Petition (Doc. 1) at 17.  This issue is subsumed under Petitioner's ineffective assistance of prior counsel claim.  *See* Section IV.A.5., *supra.*  For the reasons discussed above, this claim lacks merit and will be denied.

#### 2.  Prosecutorial Misconduct

Petitioner alleges that "[t]he county attorney also shares the burden of helping create or turning a blind-eye to known misconduct/conflict involving [prior counsel], [Elvin Logan], and Leon."  Petition (Doc. 1) at 17.  The appellate court found that "dismissal of an indictment with prejudice due to prosecutorial misconduct occurs only 'when the evidence is irrevocably tainted or there exists a pattern of misconduct that is prevalent or continuous.'"  Answer (Doc. 14), Ariz. Ct. of Appeals, Case Nos. 2 CA-CR 2011-0395, Mem. Decision 12/3/2013 (Exh. "I") (Doc. 15) at 54 (citing *State v. Young*, 149 Ariz. 580,

585, 720 P.2d 965, 970 (Ariz. Ct. App. 1986); then citing *State v. Pecard,* 196 Ariz. 371, ¶ 39, 998 P.2d 453, 461 (Ariz. Ct. App. 1999)).  The court of appeals further observed that it "need not conduct that analysis, however, because the trial court expressly found no wrongdoing on the part of the prosecutors" and the trial court did not abuse its discretion. Answer (Doc. 14), Exh. "I" at 54.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S. Ct. at 2254. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).  Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").  Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).  As such, Petitioner has failed to meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 748, 111 S. Ct. at 2564 (citations and quotations omitted).

1   Accordingly, Petitioner's claim is denied.

2   ### **3.  Motion for New Trial**

3   Petitioner alleges that his "right to a fair trial and impartial jury" and rights to due

4   process were violated when the trial court denied his motion to preclude gang affiliation

5   testimony and juror misconduct.  Petition (Doc. 1) at 17–20.  As discussed in Section II.B.,

6   *supra*, prior to bringing a claim to federal court, a habeas petitioner must first present all

7   claims to the state court.  *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71

8   L.Ed.2d 379 (1982).  The fair presentation requirement  mandates that a state prisoner must

9   alert the state court "to the presence of a federal claim" in his petition.  *Baldwin v. Reese*,

10  541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's

11  assertion that his claim had been "fairly presented" because his brief in the state appeals

12  court did not indicate that "he was complaining about a violation of federal law" and the

13  justices having the opportunity to read a lower court decision addressing the federal claims

14  was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999), *cert. denied*,

15  529 U.S. 1009 (2000) (holding that petitioner failed to exhaust federal due process issue in

16  state court because petitioner presented claim in state court only on state grounds).  Merely

17  labeling a claim "federal" or making a passing reference to the United States Constitution

18  does not constitute "fair presentment."  *See Baldwin v. Reese*, 541 U.S. at 33, 124 S.Ct. at

19  1351; *see also Duncan v. Henry*, 513 U.S. 364, 365–66 115 S.Ct. 887, 888, 130 L.Ed.2d

20  865 (1995) ("If state courts are to be given the opportunity to correct alleged violations of

21  prisoners' federal rights, they must surely be alerted to the fact that the prisoners are

22  asserting claims under the United States Constitution").  Moreover, Petitioner cannot

23  expect the state court to read beyond the four corners of the petition to meet the fair

24  presentation requirement.  *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158

25  L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly

26  presented" because his brief in the state appeals court did not indicate that "he was

27  complaining about a violation of federal law" and the justices having the opportunity to

28  read a lower court decision addressing the federal claims was not fair presentation); *Hiivala*

*v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds).

Here, Petitioner presented his claims regarding the denial of his motion for a new trial as a violation of the Arizona state law and procedural rules without reference to the Constitution of the United States.  *See* Answer (Doc. 14), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2012-0305, Appellant's Opening Br. (Exh. "H") (Doc. 15) at ¶¶ 23–31.  As such, the claims would now be precluded and meet the technical requirements for exhaustion. Ariz. R. Crim. P. 32.2(a)(3) (2018); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").   Therefore, Petitioner's claims are procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred")*.*

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).  Petitioner has not met his burden to show either cause or actual prejudice.  *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").  Neither has Petitioner "establish[ed] by clear and convincing evidence

1  that but for the constitutional error, no reasonable factfinder would have found [him] guilty

2  of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).  As such, Petitioner has failed to

3  meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice.

4  *See Coleman*, 501 U.S. at 748, 111 S.Ct. at 2564 (citations and quotations omitted).

5  Accordingly, Petitioner's claims are denied.

6  ### 4.  Juror No. 9

7  Petitioner alleges that his "right to a fair trial and impartial jury" and rights to due

8  process were violated based upon alleged misconduct by Juror Nine.  Petition (Doc. 1) at

9  18–19.  The appellate court rejected this claim because "Leon never asked the trial court

10  to do so when the court questioned Juror Nine, nor did he question her on the subject when

11  he was given the opportunity."  Answer (Doc. 14), Ariz. Ct. of Appeals, Case Nos. 2 CA-

12  CR 2011-0395, Mem. Decision 12/3/2013 (Exh. "I") (Doc. 15) at 63.  The court of appeals

13  further found that "Juror Nine told the court she had no concerns for her safety, thus it

14  would have been illogical for the court to ask her if she had shared concerns she denied

15  having.  *Id.*, Exh. "I" at 63.  Additionally, "with the stipulation of counsel, the juror

16  became an alternate and was excused prior to the jury's deliberations."  *Id.*, Exh. "I" at 63.

17  "The Constitution 'does not require a new trial every time a juror has been placed

18  in a potentially compromising situation . . . [because] it is virtually impossible to shield

19  jurors from every contact or influence that might theoretically affect their vote."  *Rushen*

20  *v. Spain*, 464 U.S. 114, 118, 104 S. Ct. 453, 455, 78 L. Ed. 2d 267 (1983).  The record does

21  not support a finding that Petitioner's jury was compromised by any improper outside

22  influence.  As such, his claim is denied.

24  ## V.    CONCLUSION

25  Based upon the foregoing, the Court finds that Petitioner Joshua Michael Leon's

26  Petition (Doc. 1) is without merit and shall be denied.

27  Accordingly, IT IS HEREBY ORDERED that:

28  1)    Petitioner Joshua Michael Leon's Petition Pursuant to 28 U.S.C. § 2254 for

a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition")
(Doc. 1) is DENIED;

      2)     A certificate of appealability is DENIED, because reasonable jurists would
not find the Court's ruling debatable.  See 28 U.S.C. § 2253;

      3)     This matter is DISMISSED with prejudice;

      4)     The Clerk of Court shall enter judgment and close its file in this matter.


Dated this 1st day of June, 2020.


Honorable Bruce G. Macdonald
United States Magistrate Judge